UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DANA EMIL RODEGHERO | ) Case No. 12-34153-hcd |
| LINDA MAY RODEGHERO | ) |
| | ) Chapter 13 |
| *Debtors.* | ) |

**MOTION OF BRISTOL DESIGN GROUP, LLC TO
CONFIRM INAPPLICABILITY OF THE AUTOMATIC STAY
OR FOR RELIEF FROM THE AUTOMATIC STAY**

Bristol Design Group, LLC (**"Bristol"**), by and through its counsel, Barnes & Thornburg, LLP, and files its *Motion to Confirm Inapplicability of the Automatic Stay or for Relief from the Automatic Stay* (this **"Motion"**) pursuant to 11 U.S.C. § 362 and Fed. R. Bankr. P. 9013, and in support thereof, states as follows:

## BACKGROUND

**A.  Procedural Background**

1. On December 14, 2012 (the **"Petition Date"**), the debtors, Dana Emil Rodeghero (**"*Mr. Rodegh*ero"**) and Linda May Rodeghero (collectively, the **"Debtors"**), filed a petition for protection under Chapter 13 of the United States Bankruptcy Code under case number 12-34153 (the **"Bankruptcy Case"**).

2. The Bankruptcy Case is pending as of the date of this Motion and, accordingly, the automatic stay pursuant to Section 362 of the United States Bankruptcy Code (the **"Automatic Stay"**) remains in effect.

### B. Relationship of Bristol and Mr. Rodeghero

3. Bristol is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Bristol is in the business of soliciting sales and acting as a distributor of a variety of cabinetry and related products in the Midwest.

4. On information and belief, Mr. Rodeghero acts as a sales representative for a variety of cabinet and millwork products in the Midwest.

5. During the period from July 2014 until September 2014, Mr. Rodeghero also acted as a paid consultant to Bristol.

6. Since the end of his consultancy with Bristol, Mr. Rodeghero has been flagrantly soliciting Bristol's current and prospective customers and knowingly disparaging Bristol's business and financial reputation in an attempt to divert Bristol's business to himself and to disrupt Bristol's business relationships with certain of its key prospects, customers and suppliers.

7. On information and belief, Mr. Rodeghero continues to solicit Bristol's customers and disparage Bristol and its principals.

### C. The Contemplated Action in Illinois for Injunctive Relief

8. Mr. Rodeghero's conduct has caused, and continues to cause, irreparable harm to Bristol's business and prospects and, Accordingly, Bristol is contemplating filing an action against Mr. Rodeghero in the Circuit Court of Cook County, Illinois, Chancery Division, for injunctive relief and a related emergency motion for a temporary restraining order (collectively, the **"Contemplated Illinois Action"**).

9. A copy of the contemplated complaint is attached as *Exhibit 1* hereto (the **"Complaint"**).

10. In order to facilitate its pursuit of the Contemplated Illinois Action, Bristol is respectfully seeking either (a) this Court's confirmation that the Automatic Stay does not stay Bristol from filing the Complaint or pursuing the Contemplated Illinois Action, or (b) in the alternative, this Court's order granting relief from the Automatic Stay to permit Bristol to file the Complaint and pursue the Contemplated Illinois Action.

**ARGUMENT**

11. Pursuant to Section 362(a)(1) of the United States Bankruptcy Code, the commencement of a bankruptcy case acts as a stay against "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]" As is clear from the plain language of § 362(a), the automatic stay only applies to actions and claims that arise before the commencement of the bankruptcy case. The stay does not include actions arising post-petition. *Bellini Imports, Ltd. v. Mason & Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir. 1991).

12. The Complaint alleges tortious conduct committed by Mr. Rodeghero solely after the Petition Date. (*See Exhibit 1*.) The Contemplated Illinois Action was not and could not have been commenced before the commencement of the Bankruptcy Case because the actions giving rise to the Complaint did not occur until 2014, more than eighteen (18) months after the Petition Date. (*See id.*) For the same reason, the Contemplated Illinois Action does not relate to a claim that arose before commencement of the Bankruptcy Case. Accordingly, Section 362(a)(i) does not apply to the Contemplated Illinois Action. *See Conner v. Howe*, 344 F. Supp. 2d 1164, 1171-172 (S.D. Ind. 2004) (holding that Section 362(a)(1)'s automatic did not prevent creditor

-3-

Case 12-34153-hcd    Doc 74    Filed 03/16/15    Page 3 of 6

from pursuing claims against debtor that "accrue[d] *after* the filing of the voluntary Chapter 13 bankruptcy petition") (emphasis original); *Matter of Federal Press Co.*, 117 B.R. 942, 947 (Bkrtcy. N.D. Ind. 1990) (holding Section 362(a)(1)'s automatic stay inapplicable to plaintiff's lawsuit to recover for personal injuries that occurred post-petition).

13. Pursuant to Section 362(a)(3) of the United States Bankruptcy Code, the commencement of a bankruptcy case also acts as a stay against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]"

14. The Complaint seeks only injunctive relief against Mr. Rodeghero. (*See* **Exhibit 1**.) It does not seek monetary damages from Mr. Rodeghero or seek to obtain possession of property of or from the Debtors' estate or to exercise control over property of the Debtors' estate in violation of Section 362(a)(3) of the United States Bankruptcy Code. Accordingly, the Automatic Stay should not operate to stay Bristol from filing the Complaint or pursuing the Contemplated Illinois Action. *See Larami Ltd. v. Yes! Entm't Corp.*, 244 B.R. 56, 59-60 (D.N.J. 2000) (holding that Section 362(a)(3)'s automatic stay did not prevent plaintiff from filing suit "to prevent allegedly unlawful conduct," because the suit was "not an attempt to directly exercise control over the property of the bankruptcy estate").

15. If Section 362 were to be used as a shield against actions for injunctive relief arising from unlawful post-petition conduct, bankruptcy debtors could commit post-petition torts with impunity. *See Dominic's Restaurant of Dayton, Inc. v. Mantia*, 683 F.3d 757, 761 (6th Cir. 2012); *see also Matter of Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982) (Where "the pending action is neither connected with nor interfering with the bankruptcy proceeding, the automatic stay in no way fosters Code policy."). Mr. Rodeghero's alleged tortious conduct is simply not

-4-

Case 12-34153-hcd    Doc 74    Filed 03/16/15    Page 4 of 6

protected by the Bankruptcy Code. Accordingly, the commencement of the Debtors' Bankruptcy Case does not stay the Contemplated Illinois Action.

16. Emergency relief is warranted because Bristol has suffered, and will continue to suffer, irreparable harm to its business, business reputation and goodwill and future losses of customer and supplier relationships if Bristol cannot seek immediate injunctive relief against Mr. Rodeghero through the Contemplated Illinois Action.

WHEREFORE, for the foregoing reasons, Bristol Design Group, LLC, respectfully requests that this Court enter an order confirming that the Automatic Stay in the Bankruptcy Case does not stay Bristol from filing the Complaint in the Circuit Court for Cook County, Illinois, Chancery Division, or from pursuing the Contemplated Illinois Action or, in the alternative, granting relief from the Automatic Stay in the Bankruptcy Case to permit Bristol to file the Complaint in the Circuit Court for Cook County, Illinois, Chancery Division, and to pursue the Contemplated Illinois Action.

Respectfully submitted,

  /s/ Mark J. Adey
Mark J. Adey
BARNES & THORNBURG LLP
700 1st Source Bank Center
100 North Michigan
South Bend, Indiana 46601
Telephone: (574) 233-1171

*Attorneys for Bristol Design Group, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon all counsel of record via the Court's ECF system and/or first class U.S. Mail, postage pre-paid, this 16th day of March 2015.

| | |
|---|---|
| Thomas E. Panowicz<br>P.O. Box 1455<br>Granger, IN  46530<br>teplaw@att.net<br><br>*Attorney for Debtors* | Nancy J. Gargula<br>United States Trustee<br>One Michiana Square Building<br>Suite 555<br>100 East Wayne Street<br>South Bend, IN 46601-2349<br><br>*Office of the United States Trustee* |
| Debra L. Miller (HK)<br>Standing Chapter 13 Trustee<br>P.O. Box 11550<br>South Bend, IN 46634<br>dmecf@trustee13.com<br><br>*Chapter 13 Trustee* | |

    /s/ Mark J. Adey

SBDS02 457888v1